Frank W. Bender v. Commissioner. Yvette Bender v. Commissioner.
Bender v. Commissioner
Docket Nos. 51064, 51065.
United States Tax Court
T.C. Memo 1956-66; 1956 Tax Ct. Memo LEXIS 227; 15 T.C.M. (CCH) 317; T.C.M. (RIA) 56066; March 21, 1956
*227 In 1943, 1944, and 1945, petitioners operated a dress manufacturing business as a partnership. Petitioner Frank W. Bender was the business manager, and Yvette Bender was the designer of the dresses which the partnership manufactured. The respondent determined that the partnership made sales which were not reported on its books. Held, the unreported sales, as determined by respondent, constituted additional partnership income to petitioners. Held, further, a part of each deficiency was due to fraud with intent to evade tax. Vincent B. Lewin, Esq., 37 Wall Street, New York, N. Y., for the petitioners. John James O'Toole, Esq., and Lawrence Brazill, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves the following deficiencies and additions to tax determined by the respondent under the provisions of the 1939 Code: Docket
Income Tax
Additions to Tax
Petitioner
Number
Year
Deficiency
under Sec. 293(b)
Frank W. Bender
51064
1943
$ 4,277.70
$2,545.59
1944
16,975.84
8,487.92
1945
11,261.15
5,630.58
Yvette Bender
51065
1943
4,678.57
2,790.79
1944
17,507.51
8,753.76
1945
11,531.04
5,765.52
*228 The issues are: (1) Whether the petitioners received additional partnership income from unreported partnership sales as determined by respondent; and (2) whether any part of the deficiencies was due to fraud with intent to evade tax. Findings of Fact Frank W. Bender (hereinafter referred to as the petitioner) and his wife, Yvette Bender, were residents of New York, New York, during the years in issue. They filed their individual income tax returns on a calendar year basis with the former collector of intenal revenue for the third district of New York. Petitioners were equal partners in a dress manufacturing partnership known as Yvette Frocks, which was formed on December 1, 1942. The partnership kept its books on a fiscal year which ended November 30. Partnership returns for the fiscal years ended November 30, 1944 and November 30, 1945 [1] were filed with the former collector of internal revenue for the third district of New York. Petitioner was in charge of all buying and selling for the partnership and was responsible for the general management of the business. Yvette Bender was the designer and *229 had little to do with the actual management of the business. Her sister was the bookkeeper. During the course of his investigation, the respondent discovered that the following amounts had been deposited in the partnership's bank account during the following fiscal years ended November 30, which were not recorded on the cash receipts books: 1943
$15,599.71
1944
51,418.07
1945
35,448.30 His investigation also disclosed that each month a check was drawn for cash in the exact amount of such excess bank deposits. Those particular checks were missing from the records of the partnership during the course of the respondent's investigation and have never been produced. Such monthly cash withdrawals were likewise not reflected on the partnership's cash disbursement book. An examination by petitioners' accountant corroborated the respondent's findings with respect to such unreported excess deposits and corresponding cash withdrawals. The bank in which partnership funds were deposited did not keep a complete record by which respondent could trace the source of all of the excess deposits. Where it was possible to trace them, his investigation showed that the excess deposits *230 were the proceeds from sales of merchandise which were not reflected on the partnership's books. Petitioners received the following amounts of additional partnership income from unreported partnership sales which they failed to report: Year
Frank W. Bender
Yvette Bender
1943
$ 7,799.86
$ 7,799.85
1944
25,709.04
25,709.03
1945
17,724.15
17,724.15
During the years in issue, petitioners reported the following amounts of income: Year
Frank W. Bender
Yvette Bender
1943
$15,268.06
$17,088.06
1944
17,581.59
19,401.58
1945
19,119.32
20,974.32
A part of each deficiency for each of the years in issue was due to fraud with intent to evade tax. Opinion RICE, Judge: Petitioner admitted at the hearing that the partnership had made sales of merchandise which were not reported on its books and which resulted in the excess deposits which its bank account disclosed. While admitting that such additional sales constituted partnership income, petitioner claimed that the cash withdrawals each month in the exact amount of such excess deposits were used to purchase merchandise on the black market. Petitioner's testimony with respect to *231 any records that he may have kept of alleged black market purchases was vague and unconvincing, and, further, he was unable to give any information as to the type of material purchased, the amount thereof, the cost thereof, or the source. Hence, we do not believe that such purchases were, in fact, made. The Cohan [2] rule does not presuppose an allowance for expenses allegedly made merely for the asking. Chesbro v. Commissioner, 225 Fed. (2d) 674 (C.A. 2, 1955), affirming 21 T.C. 123 (1953), certiorari applied for February 3, 1956. Hence, we have found, in accordance with the respondent's determination, that the petitioners each received their one-half share of such additional unreported partnership sales. See Paul Masters, 25 T.C. -, filed February 29, 1956. Another reason why we do not believe that the proceeds of unreported partnership sales were used for black market purchases was the revenue agent's testimony to the effect that during the course of his investigation a production schedule for 1944 was submitted to him which, when analyzed, showed that the partnership had larger *232 unreported sales for that year, after full allowance had been made for all purchases and goods used in its manufacture of dresses, than determined by respondent. We are convinced that petitioner Frank W. Bender's failure to report his share of additional partnership income was due to fraud with intent to evade tax. He testified at the hearing and all the other evidence in the record corroborates his statement that he was the manager of the business and actually made the deposits of the proceeds from unreported sales and the subsequent cash withdrawals. We are satisfied that he personally retained his 50 per cent share of such unreported partnership sales. Such additional amounts of income represent an understatement of reported income during the years in issue by the following percentages: 1943
51
1944
146
1945
93 We are satisfied that his failure to report such substantial amounts of income was due to a deliberately fraudulent intent to evade taxes. Lillian Kilpatrick, 22 T.C. 446 (1954), affd. 227 Fed. (2d) 240 (C.A. 5, 1955). We are likewise satisfied that petitioner Yvette Bender's failure to report the additional amounts of partnership *233 income was due to fraud with intent to evade tax. While it is true that she was not generally concerned with the day-to-day management of the business, the fact remains that she failed to report substantial amounts of income which we have found she received, which represented the proceeds from unreported partnership sales. The failure to report such sums represents an understatement of income by her during the years in issue by the following percentages: 1943
46
1944
133
1945
85 We do not believe that her failure to report such large sums was due to negligence or her unfamiliarity with the details of the partnership's bookkeeping. The amounts unreported were too large and her failure to report such sums was a consistent practice during the years in issue and that, to us, evidences a clear intent to file false and fraudulent returns. Lillian Kilpatrick, supra; and Rogers v. Commissioner, 111 Fed. (2d) 987 (C.A. 6, 1940). The petitions in both dockets assigned error with respect to adjustments which the respondent made in the petitioner's income for the year 1942. The respondent, however, determined no deficiencies against either petitioner *234 for such year and any issue with respect thereto is, therefore, not properly before us. Decisions will be entered for the respondent. Footnotes
1. The partnership return for the fiscal year 1943 is not in evidence.↩
2. Cohan v. Commissioner, 39 Fed. (2d) 540↩ (C.A. 2, 1930).